[No. 10,728.—In Bank.]
Sept. 29, 1882.

## Ex Parte JOSEPH McCLAIN.

Constitutionality of a Law Forbidding Sale of Liquor in Vicinity of State Prison, Insane Asylum, or University.—Under the late Constitution it was competent for the Legislature to prohibit the sale of vinous or alcoholic liquors within the limits specified in Section 172, Penal Code, if, in its opinion, the well-being of the youth being educated at the University, or the discipline and reformation of convicts, or the health of the unfortunate insane, would be thereby promoted or preserved.

APPLICATION for discharge on writ of *habeas corpus.*

MYRICK, J.:

The petitioner was convicted of a misdemeanor for violating Section 172, Penal Code, and was adjudged to pay a fine of twenty-five dollars, in default of payment whereof he was restrained by the Sheriff. The section reads as follows: "Every person who, within two miles of the land belonging to this State, upon which the State Prison is situated, or within one mile of the Insane Asylum at Napa, or within one mile of the grounds belonging and adjacent to the University of California in Alameda county, or in the State Capitol, or within the limits of the grounds adjacent and belonging thereto, sells, gives away, or exposes for sale, any vinous or alcoholic liquors, is guilty of a misdemeanor."

This section was enacted prior to the adoption of the new Constitution, and is unaffected by it.

The power to enact the law in question falls within that large class of powers belonging to the Legislature, essential to the promotion, regulation and preservation of the morals, health, prosperity and general well-being of the people of the State. All power rests in the Legislature not prohibited by the Constitution of this State or of the United States.

Under the late Constitution it was competent for the Legislature to prohibit the sale of vinous or alcoholic liquors within the limits specified in the section, if, in its opinion, the well-being of the youth being educated at the University, or the discipline and reformation of convicts, or the health of unfortunate insanes, would be thereby promoted or preserved.

Petitioner remanded.

MORRISON, C. J., and ROSS, and McKEE, concurred.

THORNTON, J., concurring:

I concur with Myrick, J., in the conclusion that the act is constitutional, and am of opinion that it is neither in conflict with the present Constitution nor the former one.